**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EDUARDO ARAUJO BORGES,<br><br>Petitioner,<br><br>v.<br><br>LUIS SOTO, *et al.*,<br><br>Respondents. | Case No. 2:26-cv-08568 (BRM)<br><br>**ORDER TO ANSWER** |

**THIS MATTER** is before the Court on Petitioner Eduardo Araujo Borges' ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging his detention (ECF No. 1) and Motion for a Temporary Restraining Order ("TRO") (ECF No. 2).

Petitioner has paid the $5.00 filing fee. In accordance with Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules"), which is applicable to § 2241 cases through Rule 1(b) of the Habeas Rules, this Court has screened the Petition for dismissal and determined dismissal without an answer and the record is not warranted.

Petitioner requests a TRO enjoining Petitioner's transfer and further detention. (*See generally* ECF No. 2.) Federal Rule of Civil Procedure ("Rule") 65 governs TROs and preliminary injunctions. "If there is a possibility that irreparable injury will occur before the hearing on a preliminary injunction required by Rule 65(a) can be held, a temporary restraining order may be available under Rule 65(b)." *Int'l Foodsource, LLC v. Grower Direct Nut Co.*, Civ. A. No. 16-3140, 2016 WL 4150748, at *6 (D.N.J. Aug. 3, 2016) (quoting *Trefelner ex rel. Trefelner v. Burrell Sch. Dist.*, 655 F. Supp. 2d 581, 588 (W.D. Pa. 2009)). Such "[i]njunctive relief is an extraordinary remedy and should be granted only in limited circumstances." *See Westchester Fire Ins. Co. v. Glob. Real Constr., LLC*, Civ. A. No. 09-0207, 2009 WL 137414, at *1 (D.N.J. Jan. 20, 2009) (internal quotation marks omitted) (quoting *Kos Pharms. Inc. v. Andrx Corp.*, 369 F.3d 700, 708

(3d Cir. 2004)). When evaluating a motion for a TRO, the Court must consider: (1) "the likelihood of success on the merits after a full hearing"; (2) "whether the movant will be irreparably injured without the restraint"; (3) "whether the party to be enjoined will be irreparably injured if the preliminary relief is granted"; and (4) "whether the public interest will be served by the preliminary relief." *Spectrum Produce Distrib., Inc. v. Fresh Mktg., Inc.*, Civ. A. No. 11-6368, 2011 WL 13063669, at *2 (D.N.J. Nov. 1, 2011) (quoting *Value Grp., Inc. v. Mendham Lake Estates, L.P.*, 800 F. Supp. 1228, 1231 (D.N.J. 1992)). The primary purpose of a preliminary injunction is the maintenance of the status quo until a decision on the merits of a case is rendered. *See Acierno v. New Castle Cnty.*, 40 F.3d 645, 647 (3d Cir. 1994). Where the movant seeks to alter the status quo, that party must meet a heavy burden. *See Punnett v. Cater*, 621 F.2d 578, 582 (3d Cir. 1980). Here, enjoining Respondents from transferring Petitioner from his current detention facility will maintain the status quo. Therefore, the Court will grant the TRO solely to the extent that Respondents are enjoined from transferring Petitioner from his current detention facility in New Jersey.

Accordingly, and for good cause appearing,

**IT IS** on this 14th day of July 2026,

**ORDERED** that the Clerk of the Court shall serve a copy of the Petition (ECF No. 1) and this Order upon Respondents by regular mail, with all costs of service advanced by the United States; and it is further

**ORDERED** that the Clerk of the Court shall forward a copy of the Petition (ECF No. 1) and this Order to the Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov; and it is further

**ORDERED** that Petitioner's Motion for a TRO (ECF No. 2) is **GRANTED** to the extent that Respondents are **temporarily enjoined from transferring Petitioner from his current detention center in New Jersey during the pendency of this habeas proceeding**; and it is further

**ORDERED** that within five (5) days of the date of the entry of this Order, Respondents shall electronically file a full and complete answer to said Petition, which responds to the factual and legal allegations of the Petition paragraph by paragraph; and it is further

**ORDERED** that the answer shall state the statutory authority for Petitioner's detention, *see* 28 U.S.C. § 2243, and provide the relevant legal analysis, record evidence supporting the asserted statutory basis for detention, and any documents relevant to Petitioner's initial parole from custody and his recent revocation of parole; and it is further

**ORDERED** that Respondents shall raise by way of the answer any appropriate defenses which Respondents wish to have the Court consider, including, but not limited to, exhaustion of administrative remedies, and also including, with respect to the asserted defenses, relevant legal arguments with citations to appropriate legal authority; and it is further

**ORDERED** that Respondents shall electronically file with the answer certified copies of the administrative record and all other documents relevant to Petitioner's claims; and it is further

**ORDERED** that all exhibits to the answer must be identified by a descriptive name in the electronic filing entry, for example:

"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or

"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"; and it is further

**ORDERED** that Petitioner may file and serve a reply in support of the Petition within three (3) days after the answer is filed; and it is further

**ORDERED** that within seven (7) days of Petitioner's release, be it transfer to supervised release or otherwise, Respondents shall electronically file a written notice of the same with the Clerk of the Court; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of the Order upon the parties electronically.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**