**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EDUARDO ARAUJO BORGES,<br>Petitioner,<br>v.<br>LUIS SOTO, *et al.*,<br>Respondents. | Case No. 2:26-cv-08568 (BRM)<br><br>**MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Petitioner Eduardo Araujo Borges' ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, arguing that he is unlawfully detained. (ECF No. 1.) Respondents filed an answer (ECF No. 6), and Petitioner replied (ECF No. 7).

Petitioner, a citizen of Brazil, entered the United States on July 25, 2025, pursuant to a Visa Waiver Program ("VWP"). (ECF No. 6 at 1-2.) Petitioner was permitted to stay until October 21, 2025. (*Id.* at 2.) Petitioner remained in the country beyond October 21, 2025, without authorization. (*Id.*)

On July 4, 2026, Immigration and Customs Enforcement ("ICE") agents arrested and detained Petitioner. (*Id.*) On the same day, Petitioner was served a Notice of Intent to Issue a Final Administrative Order and a Final Administrative Removal Order. (*Id.*; ECF No. 5-2; ECF No. 5-3.) Petitioner indicated he did not wish to contest the allegations in the notice (*Id.*; ECF No. 5-2 at 2.)

On July 7, 2026, Petitioner filed the Petition challenging the legality of his detention. (*See generally* ECF No. 1.) Respondents filed an answer. (ECF No. 6.) Petitioner replied. (ECF No. 7.)

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.

§ 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on Petitioner to show he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

In his Petition, Petitioner argues his detention is unlawful. (*See* ECF No. 1.) Respondents filed an answer claiming Petitioner is lawfully detained pursuant to 8 U.S.C. § 1187(c)(2)(E) as he violated the VWP conditions. (ECF No. 6.) Alternatively, Respondents asserted Petitioner is subject to a final order of removal pursuant to 8 U.S.C. § 1231. (*Id.*)

The Court finds Respondents cannot support their initial argument that Petitioner is detained pursuant to § 1187. Section 1187 does not give respondents the authority to detain noncitizens. *See, e.g.*, *Cruz De Carvalho v. Blanche*, Civ. A. No. 26-10272, 2026 WL 2547371, at *1 (D.N.J. Aug. 28, 2026) (finding § 1187 did not authorize petitioner's detention); *Molina v. Soto*, Civ. A. No. 25-16880, 2025 WL 3281820, at *2 (D.N.J. Nov. 25, 2025) ("The text of § 1187(c)(2)(E) says nothing about [ICE's] authority to arrest and detain a person who has overstayed under the VWP.") "[T]he only language in [§ 1187] as to detention stated that the statute was intended *not* to create any right or duty regarding the 'removal or release' of detained" noncitizens. *Emila N. v. Ahrendt*, Civ. A. No. 19- 5060, 2019 WL 1123227, at *2 (D.N.J. Mar. 12, 2019) (emphasis in original) (quoting 8 U.S.C. § 1187(c)(2)(E)). According, § 1187 does not authorize Petitioner's detention.

Respondents argue in the alternative that Petitioner is mandatorily detained pursuant to § 1231 as he has a final administrative order of removal. (ECF No. 6 at 4.)

"In the deportation context, a final order of removal is a final order concluding that the [noncitizen] is deportable or ordering deportation." *Nasrallah v. Barr*, 590 U.S. 573, 579 (2020) (internal quotation marks omitted) (quoting 8 U.S.C. § 1101(a)(47)(A)). "[F]inal orders of removal may not be reviewed in district courts, even via habeas corpus, and may be reviewed only in the courts of appeals." *Id.* at 580. The Final Administrative Removal Order indicates that Petitioner's status as a VWP violator means his "order is final and not subject to administrative appeal," and that the Department of Homeland Security "will proceed with [his] removal . . . unless a court order is issued to stay your removal or an application for asylum, withholding or deferral of removal is pending before the . . . Executive Office for Immigration Review." (ECF No. 6-3.)

Petitioner does not claim to have a pending asylum application, so the order of removal is final. Petitioner is subject to 8 U.S.C. § 1231's detention provisions.

Section 1231 states in relevant part that "when a[] [noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). This 90-day detention is mandatory. *See Zadvydas*, 533 U.S. at 683 ("While removal proceedings are in progress, most [noncitizens] may be released on bond or paroled. After entry of a final removal order and during the 90-day removal period, however, [noncitizens] must be held in custody." (internal citation omitted)). Petitioner was issued a final order of removal on July 4, 2026. As a result, Petitioner's detention is still within the 90-day mandatory detention period, rendering any challenge to his § 1231 detention premature.

Accordingly, and for good cause appearing,

**IT IS** on this 4th day of September 2026,

**ORDERED** that the Petition (ECF No. 1) is **DENIED without prejudice**; and it is further

**ORDERED** the Clerk of Court shall serve a copy of this Memorandum and Order upon the parties electronically and **CLOSE** the case.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**